## Malott, Receiver, *v.* Sample.

[No. 20,584.    Filed May 11, 1905.]

1. **Master and Servant.**—*Defects.*—*Knowledge.*—The master is liable to the servant for defects only when such master has knowledge, actual or constructive, of such defects.    p. 647.
2. **Pleading.** — *Facts.* — *Averment.* — To constitute good pleading the facts must be positively and expressly averred.    p. 647.
3. **Same.**—*Demurrer.*—*What It Admits.*—*Inferences.*—A demurrer admits only such facts as are sufficiently pleaded, together with the necessary inferences therefrom.    p. 648.
4. **Same.**—*Complaint.*—*Master and Servant.*—*Defects.*—*Notice.*—*Sufficiency.*—A complaint alleging that the defect had existed "a sufficient length of time for the defendant by the exercise of reasonable care to have discovered the same" is insufficient, since the master is not shown to have had time after such knowledge in which to repair.    p. 648.
5. **Same.**—*Complaint.*—*Master and Servant.*—*Defects.*—*Knowledge.*—A complaint alleging that "notwithstanding the fact that the master might by the exercise of reasonable diligence have discovered the defect" in time to have repaired it before the injury, said defect was not repaired, but carelessly and negligently allowed to remain, is insufficient, since knowledge must be positively averred, or facts averred from which knowledge will be imputed by law.    p. 648.
6. **Same.**—*Complaint.*—*Facts.*—*Presumption.*—It is incumbent upon the plaintiff to allege all of the essential elements of his cause of action, and the presumption is, if such are not alleged, that no cause of action exists.    p. 651.
7. **Same.**—*Complaint.*—*Master and Servant.*—*Defects.*—*Knowledge.*—An averment of knowledge by the master includes both actual and constructive knowledge.    p. 652.

From Superior Court of Marion County (63,139); *Vinson Carter,* Judge.

Action by Vinton A. Sample against Volney T. Malott as receiver of the Terre Haute & Indianapolis Railroad Company. From a judgment on a verdict for $10,000 for plaintiff, defendant appeals. Appealed from Appellate Court under subdivision 3, §1337j Burns 1901, Acts 1901, p. 565, §10, subd. 3. *Reversed.*

*D. P. Williams* and *John G. Williams,* for appellant.
*Henry N. Spaan,* for appellee.

GILLETT, J.—This was an action by appellee against Volney T. Malott, as receiver of the Terre Haute & Indianapolis Railroad Company, to recover for an injury to appellee's person. A demurrer to the complaint for want of facts was overruled, and the question as to the propriety of this ruling is before us for determination. It is not necessary to set out all of the averments of the complaint. It appears therefrom that appellee was a brakeman in the employ of appellant, and that while in the line of his duty he was injured by a fall from a stirrup upon a freight-car, owing to the fact that the stirrup was defective, in that a nut to a bolt that held the stirrup in position had come off, and had not been replaced. There is a general averment of negligence in failing to make the repair, and appellee alleged that he did not know of the defect. The objections of appellant's counsel to the complaint relate to the element of knowledge upon the part of the master. Those portions of the complaint relative to knowledge and negligence are so interwoven that it will be necessary to quote from the pleading at some length to exhibit its character in respect to the matter which is drawn in question. It is alleged: "That the injuries heretofore set forth, suffered by the plaintiff, were caused by the negligence of the defendant in this, to wit: That the stirrup aforesaid upon which the plaintiff stepped when about to climb said car was allowed to get out of repair by the loss of, and the failure to replace, the nut to the screw that held one end of said stirrup in place—that is, that end next to the end of the sill of said car; that said stirrup had been out of repair for a sufficient length of time before the happening of the injury to the plaintiff aforesaid for the defendant, by the exercise of reasonable diligence, to have discovered the same, and that, notwithstanding the fact that by the exercise of reasonable diligence the defendant could have discovered the defect in the stirrup aforesaid before the happening of the injury to plaintiff in time to have placed

said stirrup in proper repair, said stirrup was not placed in proper repair, but carelessly and negligently allowed to remain in the condition above described."

1.     It was held in *Evansville, etc., R. Co.* v. *Duel* (1893), 134 Ind. 156, upon a full review of the Indiana authorities, that as between master and servant it is necessary for the complaint to show that the master had knowledge, actual or constructive, of the defect, in order to charge him with negligence in failing to repair. . This holding rests upon the ground that the existence of such knowledge is one of the basic conditions out of which a duty springs; that is, that before the master can properly be charged with negligence he must not only have been at fault, but he must have had knowledge, actual or imputed, of his omission. The holding in *Evansville, etc., R. Co.* v. *Duel, supra,* has not been departed from by this court, and as appellee's counsel concedes that said case declares the law of this State upon said question, we need not accumulate authorities upon the point.     We are of opinion that the complaint is insufficient in respect to the element suggested.

2.     It is a rule of pleading that facts must be positively and expressly averred.     7 Bacon's Abr., 510; Stephen, Pleading (Tyler's ed.), 340; *Jackson School Tp.* v. *Farlow* (1881), 75 Ind. 118; *Avery* v. *Dougherty* (1885), 102 Ind. 443, 52 Am. Rep. 680; *Indiana, etc., R. Co.* v. *Adamson* (1888), 114 Ind. 282; *Shirk* v. *Mitchell* (1894), 137 Ind. 185; *McElwaine-Richards Co.* v. *Wall* (1902), 159 Ind. 557; *Leadville Water Co.* v. *City of Leadville* (1896), 22 Colo. 297, 45 Pac. 362; *Byington* v. *Board, etc.* (1887), 37 Kan. 654, 16 Pac. 105; *Hord* v. *Dishman* (1808), 2 H. & M. (Va.) 595; *Moore* v. *Dawney* (1808), 3 H. & M. (Va.) 127; *Shafer* v. *Bear River, etc., Min. Co.* (1854), 4 Cal. 294; Pomeroy, Code Remedies (3d ed.), p. 601. In *Jackson School Tp.* v. *Farlow, supra,* it was said by Elliott, J.: "It was the rule at common law, and is the rule under the code, that matters can not be pleaded by way

of recital. Facts must be positively alleged." It is required under our procedure that the complaint shall contain a statement of *the facts* constituting the cause of action (§341 Burns 1901, §338 R. S. 1881), and it is a ground of demurrer that "the complaint does not state facts sufficient to constitute a cause of action." §342 Burns 1901, §339 R. S. 1881,

3. A demurrer admits only such facts as are sufficiently pleaded. *Indiana, etc., R. Co.* v. *Adamson, supra;* Stephen, Pleading (Tyler's ed.), 159, 160. Under the more liberal rule which obtains under our code, matters of necessary inference from what is alleged are to be considered on demurrer *(Byard* v. *Harkrider* [1886], 108 Ind. 376; *Douthit* v. *Mohr* [1889], 116 Ind. 482; *Evansville, etc., R. Co.* v. *Darting* [1893], 6 Ind. App. 375), but this doctrine is not to be carried further than to authorize the consideration of matters of inference from facts which are well pleaded. 6 Ency. Pl. and Pr., 269.

4. It will be observed in the complaint before us that the first allegation relative to constructive knowledge is that the stirrup had been out of repair for a sufficient length of time for the defendant, by the exercise of reasonable care, to have discovered the same. It is clear that this does not go far enough, for the master can not be guilty of negligence until a sufficient length of time has elapsed after knowledge, actual or constructive, to afford him an opportunity to repair the defect, or at least to notify the servant of the danger. See *Seaboard Mfg. Co.* v. *Woodson* (1891), 94 Ala. 143, 10 South. 87; *United States Rolling Stock Co.* v. *Weir* (1891), 96 Ala. 396, 11 South. 436; *Indianapolis, etc., R. Co.* v. *Flanigan* (1875), 77 Ill. 365; *Missouri Pac. R. Co.* v. *Sasse* (1893) (Tex. Civ. App.), 22 S. W. 187; 20 Am. and Eng. Ency. Law (2d ed.), 94. See, also, *Lake Shore, etc., R. Co.* v. *Stupak* (1890), 123 Ind. 210.

5. The remaining language of the complaint relative to constructive knowledge we again quote, for the sake of hav-

ing it appear in this immediate connection.   It is charged
"that notwithstanding the fact that by the exercise of rea-
sonable diligence the defendant could have discovered the
defect in the stirrup aforesaid before the happening of the
injury to plaintiff in time to have placed said stirrup in
proper repair, said stirrup was not placed in proper repair,
but carelessly and negligently allowed to remain in the con-
dition above described."   It will be observed that all that is
alleged by the language just quoted is that the stirrup was
not placed in repair, but was carelessly and negligently
allowed to remain in the condition which the pleader had
before described.   If this were a case where it would be
enough merely to charge the master with negligence, the
complaint would be sufficient, but here such previous
knowledge was indispensable to a right of recovery, and yet
we find that there is no direct charge that by the exercise of
reasonable diligence the master might have discovered the
defect in time to have made the repair.   The statement
that, "notwithstanding the fact" the master might, by the
exercise of reasonable diligence, have discovered the defect
in time to have repaired it before the injury, is not an alle-
gation that the master could have discovered the defect
within such time by reasonable diligence, but it is a bald
assumption of the existence of a fact which is not averred,
which was inserted in the pleading as a mere introduction to
the charge of negligence which follows.   Bliss, Code Plead.
(3d ed.), §318, says:   "To state or aver that a thing is so
or so is very different from speaking of it as being so or so,
or whereas it is so or so.   A recital is not a statement, but
is introductory to a statement; hence, in common-law
pleading, where it is allowed as to a class of allegations, it
is not traversable.   One can not deny what is not asserted;
the recital asserts nothing, and, hence, can not be met by a
denial."

Attention may be called to *Hazard Powder Co.* v. *Volger*
(1888), 3 Wyo. 189, as a case wherein the Wyoming su-

preme court had to deal with a complaint which was wanting in the direct averment of negligence, that element only appearing as a matter of inference from an averment as to the cause of the injury. The court said: "Even on the assumption that a charge of negligence, unaccompanied by a statement of the act constituting it, would entitle plaintiff to recover, the pleader should, in direct form, charge the defendant with being guilty of negligence, and then aver that the injury resulted therefrom. It is scarcely sufficient to aver that an injury resulted from the carelessness of another, without alleging that such other is guilty of carelessness. A defendant, either in a civil or criminal prosecution, is entitled to demand that whatever accusation is made against him shall be made in a positive, direct form, leaving nothing to inference or argument, so that the issue may be one of fact, and not of logic."

The nature of the defect in the pleading before us is similar to that in the complaint which was before this court in *McElwaine-Richards Co.* v. *Wall* (1902), 159 Ind. 557. The plaintiff in that case had sustained an injury from the giving way of a plate or chord of a building. That the plate was unsafe could only be inferred from allegations that there was a negligent order to plaintiff to go upon it, that the master had knowledge that it was unsafe, and that the plaintiff did not have such knowledge. In passing upon the complaint this court said: "It will be observed that there is no direct or positive averment which discloses that the chord was in any manner unsafe or improperly constructed, or that the place where appellee was directed to go was one of danger; but the condition of the chord, to the turning of which the accident is attributed, is left wholly to inference or surmise. The bare averments that appellee was negligently ordered to go upon the chord or plate to throw down some boards, and that he did not know that the chord was unsafe, but that appellant was aware of that fact, are certainly not sufficient, under the circum-

stances, to 'charge appellant with actionable negligence. From the two facts, as averred, that appellee did not know that the chord was unsafe, but that appellant did know it was unsafe, the ultimate or issuable fact that the chord or plate in question was unsafe, is left to be inferred. The question with which we have to deal is not one in regard to evidence, but one which relates to pleading. While a court in dealing with evidence may be justified in drawing inferences from certain items of evidence, still it is not warranted in resorting to inferences or deductions where the question involved pertains to the sufficiency of pleading; for the rule recognized at common law and by our code affirms that material facts necessary to constitute a cause of action must be directly averred, and can not be left to depend upon or to be shown by mere recitals or inferences."

6. The latter part of the observations of this court which we have just quoted meets the argument of appellee's counsel that the putting of a nut on a bolt is a matter so simple that it would take but a few minutes to do it, and that, therefore, we should hold that the complaint sufficiently discloses knowledge in time to have repaired the defect. As was said in *Louisville, etc., R. Co.* v. *Corps* (1890), 124 Ind. 427, 8 L. R. A. 636: "We are here dealing with a question of pleading, and not of evidence. There is, as is well known, an essential difference between matters of pleading and matters of evidence; in pleading, facts must be directly and positively averred, while as matter of evidence conclusions may be inferred, without positive statements, from facts and circumstances. In pleading, it is incumbent upon the plaintiff to state all the facts essential to a cause of action, and if any material fact is lacking the complaint will go down before a demurrer." See, also, *Louisville, etc., R. Co.* v. *Sandford* (1889), 117 Ind. 265; *American Rolling Mill Co.* v. *Hullinger* (1904), 161 Ind. 673. In this case there is no fact charged from which it can be determined how long the defect had existed,

or at what particular time with reference to the accident appellant became infected with constructive knowledge. We can not supply a material matter by intendment. Upon demurrer we can only assume that a person has not a cause of action so long as he fails to state one on paper.

7.    Counsel for appellant urge that the complaint states only a legal conclusion with reference to knowledge. The usual manner of charging knowledge is to do so in terms, and under such an averment both actual and constructive knowledge may be proved. *Evansville, etc., R. Co.* v. *Duel* (1893), 134 Ind. 156; *Heltonville Mfg. Co.* v. *Fields* (1894), 138 Ind. 58; *Louisville, etc., R. Co.* v. *Miller* (1895), 140 Ind. 685; *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297; *Johnson* v. *Gebhauer* (1902), 159 Ind. 271; *Consumers Paper Co.* v. *Eyer* (1903), 160 Ind. 424. But, inasmuch as the complaint must be held insufficient as containing a mere recital in lieu of a necessary allegation, we deem it unnecessary to pass upon the question as to whether the complaint is open to any further objection.

The judgment of the Superior Court of Marion County is reversed, with a direction to sustain the demurrer to the complaint.