## CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* HAYES.

[No. 20,876.    Filed December 12, 1906.]

1. RAILROADS.—*Setting Fires.*—*Spark-Arresters.*—Railroad companies must not only use the best and most approved spark-arresters, but they must keep them in good condition while in use.    p. 457.

2. TRIAL.—*Interrogatories to Jury.*—*Answers of Want of Knowledge.*—*Legal Effect.*—Interrogatories to the jury answered "we cannot state" and "we do not know" are of no legal effect, except that they are not a finding that there was no evidence on the questions involved therein.    p. 457.

3. TRIAL.—*Interrogatories to Jury.—Failure to Answer.—Rights of Parties.*—Where a jury failed to answer interrogatories directly, it is the duty of the court, on motion, to require them to answer definitely.  p. 457.

4. SAME.—*Interrogatories to Jury.—Answer of "No Evidence."—Effect.*—An answer of "no evidence" to an interrogatory to the jury, is a finding that the facts involved in such interrogatory are not proved; and the court's duty is to consider such failure in determining whether the general verdict can stand in the absence of such proof.  p. 457.

5. SAME.—*Interrogatories to Jury.—Railroads.—Setting Fires.—Spark-Arresters. — Care. —* Where the interrogatories to the jury, in an action against a railroad company for negligently setting fires by reason of using a faulty spark-arrester, and in overtaxing its engine, failed to show a thorough inspection of the spark-arrester before starting and also failed to negative negligence in the management of the locomotive, and there was no finding as to the condition of the spark-arrester at the time of the setting of the fire, the general verdict for plaintiff must prevail.  p. 458.

6. SAME. — *Verdict.—General.—Special.—Which Prevails.*—The general verdict prevails unless the answers to the interrogatories to the jury are in such conflict therewith that no supposable evidence under the issues will remove same.  p. 458.

7. APPEAL AND ERROR.—*Briefs.—References to Transcript.*—Where complaint is made of the introduction of alleged incompetent evidence, but the brief does not indicate the place in the transcript where it is found, the Supreme Court may refuse to consider such alleged error.  p. 458.

8. EVIDENCE.—*Flying of Burning Sparks.—Distance.*—Evidence of the distance which flying sparks were carried from a a burning barn is admissible as a part of the *res gestae* in an action against a railroad company for negligently setting fire to such barn, thereby setting on fire a house and storeroom, though the direction of the wind was not shown to have been the same as when the sparks left the engine.  p. 458.

9. RAILROADS.—*Spark-Arresters.—Inspection.—Care Required.*—Railroad companies cannot be held guiltless of negligence as to their care in using an unsafe spark-arrester merely from the fact that they had employed a competent inspector; but they must show that the inspection was a reasonably careful one.  p. 459.

10. APPEAL AND ERROR.—*New Trial.—Instructions.—Joint Assignment.*—Where three instructions are jointly assigned as a reason for a new trial, error cannot on appeal be predicated upon one of them only.  p. 460.

11. APPEAL AND ERROR.—*New Trial.—Evidence.—Sufficiency.— How Considered.*—In passing upon the sufficiency of the evidence on appeal only the theory most favorable to the successful party will be considered. p. 460.

12. NEW TRIAL.—*Evidence.—Railroads.—Setting Fires.*—Where the evidence, in an action against a railroad company for negligently setting fires, showed that an engine was drawing thirty-two cars, mostly loaded, up a grade of from forty to fifty feet per mile, and sparks of the size of a dime were thrown 100 feet and that a barn was set on fire, thereby setting on fire plaintiff's house and storeroom, negligence is sufficiently shown. p. 460.

13. EVIDENCE. — *Weighing of. — Circumstantial. — Railroads. — Setting Fires.*—A railroad company may be held negligent in setting fires, though its inspector, experts and servants all testify that its spark-arrester was of the most approved pattern, properly inspected and in good condition, where other evidence shows that the locomotive emitted sparks the size of a dime, throwing them a distance of 100 feet, thus causing damage to plaintiff, the weight of such circumstantial evidence being for the jury. p. 461.

From Ohio Circuit Court; *George E. Downey,* Judge.

Action by Harry R. Hayes against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment on a verdict for $2,925 for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*L. J. Hackney, George M. Roberts* and *T. S. Cravens,* for appellant.

*Givan & Givan* and *Charles B. Matson,* for appellee.

GILLETT, J.—This is an action brought by appellee against appellant to recover damages because of the destruction of his property by fire set by one of appellant's locomotives. The complaint was in two paragraphs. The first was based on negligence in the failure to use and keep in repair a sufficient and proper spark-arrester, while the second charged negligence in overtaxing the locomotive. Each paragraph averred that the negligence therein alleged caused the locomotive to throw out large sparks and coals

of fire, which fell upon plaintiff's barn and consumed it, and that the fire communicated to and destroyed the plaintiff's dwelling-house and store building. Appellant was defeated below, and the errors assigned are based on the overruling of its motion for judgment in its favor on the jury's answers to interrogatories and on the overruling of its motion for a new trial.

Appellant was not entitled to judgment in its favor on the jury's answers to interrogatories. If it be granted that appellant had a finding in its favor to the effect that

1. the locomotive was equipped with a spark-arrester which was one of the best and most approved appliances for arresting sparks, yet there is no finding as to the condition of said appliance, either at the time the locomotive was taken from the roundhouse for the purpose of making the trip in question or at the time it passed appellee's property. Interrogatories forty-five, forty-six, forty-seven and forty-eight, which were answered "We

2. cannot state," or "We do not know," really amount to nothing. Such answers are not equivalent to a finding of no evidence. *Allen* v. *Davison* (1861), 16 Ind. 416; *Maxwell* v. *Boyne* (1871), 36 Ind. 120; *Rowell* v. *Klein* (1873), 44 Ind. 290. If appellant was en-

3. titled to answers to these interrogatories, it was the duty of the court, on motion, to require the jury to retire and answer them in accordance with the preponderance of the evidence, or if they found that there was no evidence upon the point, so to answer. *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435; *Chicago, etc., R. Co.* v. *Ostrander* (1888), 116 Ind. 259; *Pittsburgh, etc., R. Co.* v. *Hixon* (1887), 110 Ind. 225. In the event of an answer of "No evidence," its effect would be to

4. establish the fact that the matter to which the interrogatory related was unproved, and it would then be for the court to determine whether said finding, together with the other findings, established the fact that appellant

was entitled to judgment notwithstanding the general verdict. The answers in question, however, instead of amounting to matter negativing the averments of 5. the complaint, tend rather to show, if they can be said to have any effect at all, that the jury did not credit the evidence of prior inspection which appellant had offered in support of its defense. There was a finding, however, that the inspection was not thorough, and we observe that the charge of negligence in respect to the management of the locomotive was in nowise negatived by the interrogatories. These considerations, and the fact that appellant did not see fit to take a special finding from the jury on the question as to the condition of the spark-arrester at the time in question, make it clear that appellant was not entitled to judgment on the answers to interrogatories. We are not at liberty to reverse the trial court because of the overruling of said motion, by indulging 6. in matter of conjecture as to the theory on which the jury must have proceeded. It is to be remembered that the motion called for affirmative action, and unless the answers necessarily negatived the general verdict, by showing that under the facts found appellee was not entitled to judgment under the issues, it was the duty of the court to overrule the motion. *McCoy* v. *Kokomo R., etc., Co.* (1902), 158 Ind. 662, and cases cited.

Passing to the second assignment of error, we find that the first insistence thereunder is that the court erred in permitting a witness, one Smith, to answer as to 7. how far the sparks were carried from the burning barn. Appellant has left it to us to search out this evidence in the record, and because of a failure to indicate by page and line where it is to be found, we would be justified in passing the point by. Rule twenty-two. We are of the opinion, however, that there was no error in 8. receiving such evidence. While it might not amount to demonstrative evidence of the fact that sparks

were thrown by the locomotive to the roof of the barn, since the condition of the wind might not have been the same in each instance, yet appellee was called on to show, in order to recover for the destruction of the house and storeroom, that the destruction of said buildings was caused by the burning of the barn. The evidence showed that the wind was from the north, and the house, which was the second building to catch on fire, stood about twenty-five or thirty feet to the southwest of the barn. It seems to us, under the circumstances, that to show the extent of the fire, including a showing as to the distance that sparks were thrown, was a part of the *res gestae* of the occurrence, since it tended to show how fierce the fire became as it was fanned by the wind, thus making legitimate the inference that fire communicated to the dwelling-house from the burning barn.

The court did not err in refusing to give instructions thirteen and fourteen tendered by appellant. Without setting out even the substance of these instructions, it 9. may be said that they seem to proceed upon the theory, in the one instance, that the company might acquit itself of negligence by the employment of a competent inspector, and, in the other, that that fact, coupled with the fact that the spark-arrester appeared to him to be in good condition, was sufficient to absolve the company from any claim that its dereliction grew out of the failure to inspect. These instructions were not proper because they did not include the element of a reasonably careful inspection. *Cleveland, etc., R. Co.* v. *Ward* (1897), 147 Ind. 256. While the matter of a failure to inspect is only an element in the question of negligence, yet, so far as it is an element, it must be said that any dereliction upon the part of a servant, no matter how competent he may be, is the omission of the master. A man cannot acquit himself of negligence by evidence that he intrusted to a competent servant the discharge of a duty which he owed to third persons. To reach such a conclusion would be to disregard

a basic principle in the law of negligence, which finds expression in the rule of *respondeat superior.* 1 Shearman & Redfield, Negligence (5th ed.), §142.

No question is saved concerning the refusal to give instruction seven, tendered by appellant, as the refusal to give that instruction and also instructions twelve and thirteen are jointly assigned as error in the motion for a new trial.

Finally, appellant challenges the sufficiency of the evidence to support the verdict. We cannot say that there is an absence of evidence in support of any issue. On the trial, so far as the question of appellant's negligence was concerned, there was abundant evidence to justify the conclusion that the spark-arrester was defective or that the locomotive was being overtaxed. Accepting, as we must, the testimony most favorable to appellee, it appears that the locomotive in question, which was attached to a train of thirty-two cars, mostly loaded, was at the time running from twenty to twenty-five miles an hour, up a grade of between forty and fifty feet to the mile, and that the train was on a curve. The testimony of those who heard and saw the locomotive justified the conclusion that it was being overtaxed. As to the spark-arrester, it may be said that witnesses for appellee likened the size of the sparks escaping from the stack to dimes, nickels, large marbles, or the end of the thumb, and one witness claimed that some of them were an inch across. A former employe of appellant, who was on a nearby water-tank, on the south side of the track, testified that he climbed down as the train was approaching, for the reason that he observed that the locomotive was throwing heavy sparks. A large quantity of these sparks was observed to fall upon appellee's barn, and some of them fell more than a hundred feet from the track. One of appellee's expert witnesses admitted upon the stand that if the locomotive had been in good condition it would not throw

Cleveland, etc., R. Co. *v.* Hayes—167 Ind. 454.

sparks the size of a dime.    Disregarding the claim of appellee's counsel as to discrepancies in the testimony of the man who examined the spark-arrester, it must nevertheless be said that if the jury saw fit to credit the testimony most favorable to appellee a case was made out, in which it was shown, by circumstantial evidence, either that the spark-arrester was defective, or that the locomotive was being overtaxed.    *Cincinnati, etc., R. Co.* v. *Smock* (1893), 133 Ind. 411.    The mere fact that the testimony given by the locomotive inspector and the trainmen was not directly contradicted, does not make out a case in which it can be said that their testimony was wholly undisputed.    A leading writer on the law of negligence says:  "The negligence of the railroad company in communicating the fire may be proved wholly by circumstantial evidence, and there need not necessarily be direct proof of any particular act or omission upon which the law predicates negligence.    Circumstantial evidence raising an inference of negligence is as good, for the purpose of taking the question to the jury, as is direct evidence; and when it is so taken to them, the judge cannot properly withdraw it from them, merely because he may suppose—usurping their functions—that the evidence of negligence has been rebutted by evidence adduced for the defendant.    It is for the jury to judge of the weight and sufficiency of the countervailing evidence."    2 Thompson, Negligence (2d ed.), §2291.

We have now considered the various questions which the case presents, and as we find no error the judgment is affirmed.