## KENTUCKY & INDIANA BRIDGE & RAILROAD COMPANY v. MORAN.

[No. 20,946.   Filed March 13, 1907.   Rehearing denied June 27, 1907.]

1. MASTER AND SERVANT.—*Ways, Works and Machinery.—Care Required.*—The master is required to exercise ordinary care in furnishing and maintaining safe works, ways and machinery.  p. 21.

2. PLEADING.—*Complaint.—Master and Servant.—Defective Machinery.—How Shown.*—In an action by the servant against his master for injuries caused by defective machinery, the complaint must show that the master negligently failed originally to provide such safe machinery, or that the master negligently failed to maintain such machinery in a safe condition.  p. 21.

3. SAME.—*Complaint.—Negligence.—Defective Machinery.*—A complaint by a motorman against his company for personal injuries, alleging that the brake-rod on his car, which broke and caused his injuries, was in a "dangerous and defective condition in this, that said rod contained a break or flaw therein which rendered the same weak and insufficient for the purpose for which it was intended, and liable to break; that the dangerous and defective condition of said brake was unknown to the plaintiff, but was well known to the defendant," fails to show any negligence.  p. 22.

4. SAME.—*Complaint.—Common-Law Negligence.—How Alleged.*—At the common law an allegation by the servant that the master negligently did or omitted to do the act causing the injury, was sufficient.  p. 23.

5. SAME.—*Complaint.—Negligence.—Defective Machinery.—Time to Repair.*—A complaint, in a personal injury case, alleging that defendant "negligently" failed to repair the defective machinery complained of, sufficiently shows that defendant had time in which to repair. *Malott* v. *Sample*, 164 Ind. 645, explained.  p. 24.

From Floyd Circuit Court; *William C. Utz,* Judge.

Action by James Moran against the Kentucky & Indiana Bridge & Railroad Company.   From a judgment on a verdict for plaintiff for $1,200, defendant appeals.  Transferred from Appellate Court (see 39 Ind. App. 24) under §1337j Burns 1901, subd. 1, Acts 1901, p. 565, §10.   *Reversed.*

*E. P. Humphrey* and *George H. Hester,* for appellant.
*E. B. Stotsenburg* and *John H. Weathers,* for appellee.

JORDAN, J.—The complaint consists of two paragraphs, in each of which appellee seeks to recover damages for personal injuries sustained while in the employ of appellant as a motorman in the operation of its electric railroad. A demurrer to each paragraph of the complaint for insufficiency of facts was overruled, to which an exception was reserved. Answer, general denial. Trial by jury, and a general verdict returned in favor of appellee, awarding him damages. Along with this verdict the jury returned answers to a series of interrogatories. The motion by appellant for a new trial, based upon various grounds, was denied, to which ruling it excepted. Judgment on the verdict.

The errors assigned herein relate to the decision of the court (1) in overruling the demurrer to the complaint and to each paragraph thereof; (2) in denying the motion for a new trial. The first paragraph of the complaint may be summarized as follows: On March 11, 1904, the defendant was a bridge and railroad corporation organized under the laws of Kentucky. It owned and operated a line of electric railroad between the cities of New Albany, Floyd county, Indiana, and Louisville, Kentucky, and on said day was engaged in the business of a common carrier of passengers for hire. This line was equipped with motor-cars propelled by electricity, and these cars were used by the defendant for the carriage and transportation of passengers. Among the cars so owned and operated by the defendant in its aforesaid business was motor-car No. 9. On March 11, 1904, plaintiff was in the employ of defendant, serving as a motorman, and by its direction he was on said day placed in charge of said motor-car No. 9, to work and operate thereon as a motorman. This car was equipped with air-brakes which were operated by the motorman in charge thereof by means of a lever in the front vestibule. Said brakes consisted of brake-shoes attached to the brake-beam, and the

latter was connected with the air apparatus on the car by an iron rod about twelve feet long and three-quarters of an inch in diameter, commonly called a brake-rod. It was necessary, for the safe operation of said car and the safety of the passengers carried therein and of the employes of the defendant in charge thereof, that said brake-rod should be sound and in good condition, and capable of standing the pressure and the force of said brakes when applied. On said day the brake-rod on said car was in a dangerous and defective condition in this: that said rod contained a break or flaw therein, which rendered the same weak and insufficient for the purpose for which it was intended, and liable to break. The dangerous and defective condition of said brake-rod was unknown to the plaintiff, but was well known to the defendant, or by reasonable diligence in the premises could have been known to said defendant. On said day, while the plaintiff was operating this car from the city of Louisville to the city of New Albany, and while the car was approaching the tracks of the Pennsylvania railroad, which crossed the tracks of defendant at right angles at Vincennes and Main streets in said city of New Albany, and while said car was running down grade, it became necessary for the plaintiff to apply the brakes on said car in order to stop it before reaching the crossing of the track of the Pennsylvania railroad. In order to do this the plaintiff applied the brakes, turning the lever thereof, whereupon said brake-rod, by reason of its defective condition, broke, and by reason thereof plaintiff was unable to stop said car, which, without any fault or negligence on his part, ran into and against a train standing on the tracks of the Pennsylvania railroad. In said collision, and by reason thereof, plaintiff was caught in said car and injured in his right hip, leg, back, spine, etc., and permanently crippled, etc. Wherefore he demands judgment for $2,000.

The second paragraph of the complaint is the same as the first paragraph, except that the defect in the brake-rod is

set out in the following language: ''That it was necessary, for the safe operation of said car and the safety of the passengers thereon and of the employes of the defendant in charge thereof, that said brake-rod should be of sufficient size and thickness to stand the pressure and force of said brakes when applied; that said rod was defective in this: that it was too small and insufficient to stand the pressure of the brakes when applied, which was unknown to the plaintiff, but was well known to the defendant, or could have been known by it by the exercise of reasonable diligence in the premises.'' Counsel for appellant argue that each paragraph of the complaint is insufficient in the statement of material facts, and therefore the court erred in overruling the demurrer.

This court has repeatedly affirmed the well-settled rule relating to master and servant, that it is the legal duty of the former to exercise ordinary care to furnish machinery and appliances reasonably safe and suitable for his employes to perform their duties. It is the further duty of the master to exercise a reasonable supervision over such machinery and appliances, and to use ordinary care in keeping or maintaining the same in a reasonably safe condition for use. *Ohio, etc., R. Co.* v. *Pearcy* (1891), 128 Ind. 197; *Evansville, etc., R. Co.* v. *Duel* (1893), 134 Ind. 156; *Indiana, etc., R. Co.* v. *Snyder* (1895), 140 Ind. 647; *Brazil Block Coal Co.* v. *Gibson* (1903), 160 Ind. 319, 98 Am. St. 281.

In an action by an injured servant whose injury is due or attributable to defects in machinery or appliances which he was using in the performance of the work for which he had been employed, he, among other things, is required to show in his pleading that the master failed to exercise the care exacted by law in originally providing the machinery or appliances in question, or that he neglected to use the required care in keeping or maintaining

such machinery or appliances in reasonably safe repair.    13 Ency. Pl. and Pr., 894.

Keeping in mind the well-settled principles to which we have referred, we pass to the consideration of the sufficiency of the complaint herein.    The question is presented:

3.    Does this pleading set out such a case of negligence on the part of appellant in the discharge of the duties imposed upon it by law as to constitute a right of action in favor of appellee for the injuries of which he complains?    It will be noted that the first paragraph states that it was necessary, for "the safe operation of said car and the safety of passengers carried thereon and of the employes of the defendant in charge thereof, that said brake-rod should be sound and in good condition, and capable of standing the pressure and force of said brakes when applied."    Possibly by this latter statement the pleader intended to show that the maintenance of the brake-rod in the condition as therein stated to be necessary for the safe operation of the car, and for the safety of the employes in charge thereof, was a duty which appellant, under the law, owed to appellee.    The pleading then proceeds to state that on March 11, 1904, said brake-rod on said car was in a "dangerous and defective condition in this, that said rod contained a break or flaw therein, which rendered the same weak and insufficient for the purpose for which it was intended, and liable to break.    The dangerous and defective condition of said brake was unknown to the plaintiff, but was well known to the defendant," etc.

There is no charge that the rod in question was in a defective condition when it was originally placed in the car, but apparently the theory is that it became defective by use and wear.    In no part of the paragraph in question, however, does the pleader in express or direct terms impute or attribute negligence to the appellant in the discharge of the duties imposed upon it by law.    The appellee apparently relies on the bare facts stated therein to justify the presump-

tion that appellant was guilty of actionable negligence, without any direct or positive averments relative thereto.

In an action at common law by a servant to recover 4. damages against the master, founded upon the failure of the latter to perform his legal duties, to render the complaint sufficient to repel a demurrer, the act done or omitted to be done should be characterized to have been negligently done or to have been negligently omitted, as the case may be. Negligence must at least be shown by the pleading, either by direct or positive averments or from the statement of such facts therein as will clearly raise or create an inference that the injury of which the plaintiff complains is the proximate result of defendant's negligence. *Pennsylvania Co.* v. *Marion* (1885), 104 Ind. 239, and authorities cited; *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290; *Pittsburgh, etc., R. Co.* v. *Peck* (1905), 165 Ind. 537, and authorities cited; *Malott* v. *Sample* (1905), 164 Ind. 645; *Chicago, etc., R. Co.* v. *Barnes* (1905), 164 Ind. 143, and authorities cited. In the latter case this court said: "The rule affirmed by repeated decisions of this court is that a general averment of negligence has a technical signification, and, in an action for negligence, if the legal duty and a violation thereof are disclosed, the general averment of the negligence complained of will be sufficient on demurrer." Citing authorities.

The mere facts, standing unaided by any other averments, which disclose that the brake-rod on the day of the accident contained a break or flaw therein, which rendered the same, as charged, "weak and insufficient for the purpose for which it was intended, and liable to break," which condition was unknown to the appellee, but was well known to the appellant, are not such as clearly raise, as a matter of law, a presumption or inference that the appellant was guilty of negligence. There are no specific or general averments to show that the appellant, after it was chargeable with knowledge, either actual or constructive, in respect to

the defective appliance in question, continued thereafter to use or permit it to be used in the operation of the car. For aught appearing to the contrary in the complaint, the appellant may not have had notice of the alleged condition of the brake-rod until the day of the accident, and after it had placed the car in charge of the appellee. We cannot indulge the presumption in favor of the plaintiff that the appellant, after notice of the defective condition of the brake-rod, negligently failed to remedy the defects, or that it negligently permitted the car to be operated by appellee while equipped with the brake-rod in its defective or weak condition. As against the pleading, nothing to the contrary appearing, we may assume that the time which intervened between that at which the appellant acquired notice or knowledge, actual or constructive, of the insufficient condition of the brake-rod and the time of the accident was not, under the circumstances, of sufficient length to afford the appellant a reasonable opportunity to remedy the defects in question, or at least to warn the appellee prior to the accident of the danger with which he was confronted in the operation of the car. *Lake Shore, etc., R. Co.* v. *Stupak* (1890), 123 Ind. 210; *Scheiber* v. *United Tel. Co.* (1899), 153 Ind. 609; *Malott* v. *Sample, supra.*

Had there been a general averment or charge that the appellant had negligently failed or omitted to remedy or repair the defects in the brake-rod, such a charge would have been sufficient to show the fact that the appellant had been afforded a reasonable time or opportunity to remedy the defects in question after their discovery. *Conrad* v. *Gray* (1895), 109 Ala. 130, 19 South. 398. See other authorities hereinbefore cited on the sufficiency of the general charge of negligence. It follows, for the reasons herein stated, that the first paragraph of the complaint must be held insufficient. The second paragraph, upon the charge of negligence, is equally as deficient as the first. It is manifest, therefore, that the court erred in over-

ruling appellant's demurrer to each paragraph, for which error the judgment is reversed. Other alleged errors, based on the denial of the motion for a new trial, are discussed by appellant's counsel, but as a reversal of the judgment below for insufficiency of the complaint will, upon another trial, necessarily result in reforming the issues, we pass these questions without consideration, as it is not clear that they will again arise.

This case was transferred by the Appellate Court because it was the opinion of that Court that the case of *Malotl* v. *Sample, supra,* was out of accord with the law as above declared. That case, as will be perceived from a reading of it, rests on the exceptional manner in which knowledge was sought to be averred. It is true that the complaint which was then before the court contained two averments of negligence, but the first of said averments confined the negligence to the time when the defendant, by the exercise of ordinary care, might have discovered the defect, while the second was coupled with, and a part of, a mere assumption of the existence of matter which had not been directly averred. Thus understood, *Malott* v. *Sample, supra,* is in nowise out of accord with the authorities.

Judgment reversed and cause remanded, with instructions to the lower court to sustain the demurrer to each paragraph of the complaint, with leave to amend.