## Chicago, Indianapolis and Louisville Railway Company *v.* Wilfong.

### [No. 21,592.   Filed January 7, 1910.]

1. TRIAL.—*Interrogatories to Jury.— Conclusions.— Railroads.* — Answers to interrogatories to the jury that "had said wheel [at the top of the brake-rod] been so removed the rust on said rod would not have so concealed said defect that it could not have been observed, by the exercise of reasonable care," and that "in doing their work said [car] inspectors did not exercise reasonable care and diligence on their part," are conclusions, and must be disregarded.   p. 311.

2. MASTER AND SERVANT.—*Ways, Works, and Machinery.—Repairs.*—It is the duty of a master not only to exercise ordinary care to furnish machinery and appliances reasonably fit for the intended purpose, but also to exercise ordinary care to keep them in a safe condition for use.   p. 311.

3. MASTER AND SERVANT.—*Railroads.—Defects.—Notice of.*—In an action by a servant against a railroad company, it is incumbent upon the servant to prove not only that he was injured by reason of the defect complained of, but also that the company had actual or constructive notice thereof a sufficient length of time prior to the injury to remedy same, or to warn such servant thereof.   p. 312.

4. MASTER AND SERVANT.—*Defects.—Constructive Notice.—Railroads.*—Railroad companies are chargeable with constructive notice of defects, only where they might have been discovered by the use of ordinary care.   p. 312.

5. TRIAL.—*Verdict.— General.— Railroads.— Defects.*—A general verdict against a railroad company in favor of a servant injured by reason of a defect in the brake-rod necessarily imports that the company had, or should have had, knowledge thereof.   p. 312.

6. TRIAL.— *Interrogatories.— Notice of Defects.— Railroads.*—Answers to interrogatories that there was no evidence that the de-

fendant railroad company knew of the alleged defect in the brake-rod, and no evidence to show how long such defect had existed, negative any actionable negligence on the part of such company. pp. 312, 313.

7.  TRIAL.—*Interrogatories.*—*Answers of "No Evidence."*—*Effect.*— The answer of "No evidence" to interrogatories, the burden of proof of which is upon the plaintiff, constitutes a finding upon such interrogatories adverse to the plaintiff. p. 313.

8.  APPEAL.— *Interrogatories.*— *New Trial.*— *When Granted.*—The Supreme Court may, when justice requires, grant a new trial instead of ordering a judgment on the answers to the interrogatories to the jury. p. 314.

From Orange Circuit Court; *Thomas B. Buskirk,* Judge.

Action by John Wilfong against the Chicago, Indianapolis and Louisville Railway Company. From a judgment on a verdict for plaintiff for $1,000, defendant appeals. Transferred from Appellate Court under §1394 Burns 1908, subd. 2, Acts 1901, p. 565, §10. *Reversed.*

*E. C. Fields, H. R. Kurrie, W. J. Buskirk* and *Perry McCart,* for appellant.

*M. B. Hottel, F. P. Cauble* and *W. W. Hottel,* for appellee.

MONKS, J.—While appellee, in the line of his duty as freight brakeman on appellant's railway, was setting a brake on the rear car of one of appellant's freight-trains at Pekin, Indiana, the brake-rod broke, causing him to fall to the roadbed and receive the injuries for which this action was brought. The complaint is in one paragraph, charging negligence on the part of appellant in allowing a brake-rod to become defective. There was an answer in general denial, a general verdict for appellee, and answers to interrogatories submitted by the court to the jury. Over a motion by appellant for judgment in its favor on the answers to the interrogatories, notwithstanding the general verdict, judgment was rendered in favor of appellee.

The overruling of appellant's said motion for judgment in its favor on the answers to the interrogatories is the only error assigned.

The facts found by the jury, in answer to the interrogatories, are substantially as follows: That plaintiff received the injuries complained of by falling from one of defendant's cars, while setting a hand-brake on said car at Pekin, Indiana; that said car was loaded at Borden, Indiana, and was taken to Pekin, Indiana, the same day; that said brake-rod consisted of a piece of round iron or steel about one and one-half inches in diameter and about four feet long; that there was a ratchet-wheel fastened on this staff above the floor of the car, leaving a space of about one inch between the bottom of the wheel and the floor of the car, which wheel was about five inches in diameter and about one and seven-eighths inches thick, with the outer edge grooved so that a clamp attached to the floor of the car would work in such grooves, and thus enable the brake to be set or released; that it was necessary to the operation of the brake that said ratchet-wheel be tightly fastened to the rod; that said wheel was fastened tightly to said rod by the use of an iron key which was driven into a groove in said wheel next to said rod, and could only be loosened from its position on said rod by removing said key; that at the time of the accident it was neither usual nor customary among railways in inspecting brake-rods to loosen or remove ratchet-wheels from their places on brake-rods; that when plaintiff began to apply said brake the rod broke, causing him to fall to the ground and receive the injuries complained of; that said rod broke because of the existence of a defect, consisting of a flaw and a break, and not because of any imperfection in the iron which composed the rod; that said defect was located in said rod at a point within said ratchet-wheel, and was so located that it could not be observed without removing the key which held the ratchet-wheel to the rod, and removing said wheel from its place on the rod; that had said wheel been so removed the rust on said rod would not have so concealed said defect that it could not have been observed, by the exercise of reasonable care and diligence; that there was no evidence to

show how long said defect in said rod existed before said accident occurred, or that the defendant knew of the existence of said defect before the accident occurred; that said accident would not have occurred if said defect had not existed in said brake-rod; that plaintiff observed said bent condition of said brake-rod as he started to apply said brake; that defendant had about twenty-two inspection points on its railway while it owned said car before the accident, and had inspectors at these points to inspect all cars and repair defects therein; that there was no evidence that said car was inspected for defects when it passed said inspection points, or that said car was frequently inspected for defects; that in doing their work said inspectors did not exercise reasonable care and diligence on their part.

The answers of the jury to the interrogatories, that "had said wheel been so removed the rust on said rod would not have so concealed said defect that it could not have 1. been observed, by the exercise of reasonable care and diligence," and that "in doing their work said inspectors did not exercise reasonable care and diligence on their part," are mere conclusions, and must be disregarded. *Cleveland, etc., R. Co.* v. *Asbury* (1889), 120 Ind. 289, 293, and cases cited; *Wabash R. Co.* v. *Keister* (1904), 163 Ind. 609, 615; *Chicago, etc., R. Co.* v. *Ostrander* (1888), 116 Ind. 259, 264, 265, and cases cited; *Board, etc.,* v. *Bonebrake* (1896), 146 Ind. 311, 316-319; *Shirk* v. *Wabash R. Co.* (1896), 14 Ind. App. 126, 137, and cases cited.

It is the duty of the employer not only to exercise ordinary care to furnish machinery and appliances reasonably fit for the purpose intended, but also to exercise ordinary 2. care to keep or maintain the same in reasonably safe condition for use. *Kentucky, etc., R. Co.* v. *Moran* (1907), 169 Ind. 18, 21, and cases cited; *Chicago, etc., R. Co.* v. *Fry* (1892), 131 Ind. 319; *Louisville, etc., R. Co.* v. *Bates* (1897), 146 Ind. 564, 567, 574; *Louisville, etc., R. Co.*

v. *Orr* (1882), 84 Ind. 50; *Richmond, etc., R. Co.* v. *Elliott* (1893), 149 U. S. 266, 271, 272, 13 Sup. Ct. 837, 37 L. Ed. 728; *Louisville, etc., R. Co.* v. *Campbell* (1892), 97 Ala. 147, 12 South. 574, and cases cited; *Choctaw, etc., R. Co.* v. *Halloway* (1902), 114 Fed. 458, 460, 52 C. C. A. 260; Bailey, Master's Liability, 94-100.

In cases like the one before us, it is well settled in this State that the employe must prove not only that the alleged defect existed, but that the employer had knowledge thereof, actual or constructive, long enough before the accident to repair the defect or give warning to the employe, and failed to do so. *Malott* v. *Sample* (1905), 164 Ind. 645, 648; *Kentucky, etc., R. Co.* v. *Moran, supra.*

The rule of constructive knowledge applies only to such defects as might have been discovered by the exercise of ordinary care and diligence. Bailey, Master's Liability, 107, 108; *New Castle Bridge Co.* v. *Steele* (1906), 38 Ind. App. 194, *Lake Shore, etc., R. Co.* v. *Kurtz* (1894), 10 Ind. App. 60, 75. The general verdict, therefore, necessarily found either that appellant had knowledge of such defect, or, by the exercise of ordinary care, could have discovered said defect long enough before the accident occurred to repair the same. *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 300.

The jury found in answer to said interrogatories that there was no evidence that appellant knew of said alleged defect in the brake-rod, and that there was no evidence to show how long such defect had existed. This completely negatived the alleged negligence of appellant, even if such defect could have been discovered by the exercise of ordinary care on the part of the appellant. *Arcade File Works* v. *Juteau* (1896), 15 Ind. App. 460, 469-472; *Malott* v. *Sample, supra; Kentucky, etc., R. Co.* v. *Moran, supra.*

This is true because an answer of "No evidence," as to allegations or facts which appellee was required to prove,

was equivalent to a finding against appellee as to such

7. allegations or facts. *Cleveland, etc., R. Co.* v. *Hayes* (1906), 167 Ind. 454, 457, 458, and cases cited; *Indianapolis Abattoir Co.* v. *Temperly* (1903), 159 Ind. 651, 656, 95 Am. St. 330; *Arcade File Works* v. *Juteau, supra.* It was said in the case of *Cleveland, etc., R. Co.* v. *Hayes, supra:* "In the event of an answer of 'No evidence' its effect would be to establish the fact that the matter to which the interrogatory related was unproved, and it would then be for the court to determine whether said finding, together with the other findings, established the fact that appellant was entitled to judgment notwithstanding the general verdict."

As appellee was required to prove that appellant had knowledge, actual or constructive, of said defect in said

brake-rod long enough before the accident occurred

6. to repair the defect or give warning to appellee, and failed to do so, it follows that said answers of the jury of "No evidence" as to such knowledge, actual or constructive, on the part of appellant was equivalent to a finding against appellee as to that essential element of his case. If there was "no evidence" to establish the essential element of knowledge, actual or constructive, on the part of appellant, which appellee was required to prove before he was entitled to recover, the jury should have returned the general verdict in favor of appellant. It is clear, therefore, that the answers to said interrogatories which show that there was no

7. evidence that appellant knew of the existence of the defect in said brake before the accident occurred, and that there was no evidence as to how long said defect had existed before the accident occurred, are in irreconcilable conflict with the general verdict. *Arcade File Works* v. *Juteau, supra.* It follows that the court erred in overruling appellant's motion for judgment in its favor on the answers of the jury to the interrogatories notwithstanding the general verdict.

Judgment reversed, and upon the authority of *Shoner* v. *Pennsylvania Co.* (1892), 130 Ind. 170, 179-181, *State, ex rel.*, v. *Beckner* (1892), 132 Ind. 371, 377, 378, 32 Am. St. 257, *McCoy* v. *Kokomo R., etc., Co.* (1902), 158 Ind. 662, 667, and cases cited, and *Truelove* v. *Truelove* (1909), 172 Ind. 441, and cases cited, the court below is instructed to grant a new trial in said cause, and for further proceedings not inconsistent with this opinion.