## SANITARY CAN COMPANY *v.* LINDLEY.

[No. 8,365.   Filed June 11, 1914.]

1.   MASTER AND SERVANT.—*Injuries to Servant.—Complaint.—Con-
struction.—Sufficiency.*—A complaint alleging that plaintiff was
employed in operating an electric automatic punch press which
was defective so that on some occasions it could not be started
in the usual and proper manner, that she had been instructed
under such circumstances to use an iron rod to raise the crank-
shaft to center so that she could then start the machine with
the pedal, that at the time of the injury and many times prior
thereto the press would suddenly and without warning start
without fault of the operator while the latter was turning the
crank to center, so as to cause the rod to be thrown against the
operator, that the press thus constituted a defective and dan-
gerous machine and had been so defective and dangerous for
many months prior to the injury, all of which defendant knew
or could have known by the use of ordinary diligence, that plain-
tiff had no knowledge of such condition, and alleging generally
that defendant was negligent, and that while raising the crank-
shaft to center she was struck and injured by the rod without
fault on her part, was not open to the objection that it was on
the theory that the defect relied on was a defect which caused
the machine not to stop at center, and disclosed plaintiff's knowl-
edge of such defect, but it sufficiently stated a cause of action.
p. 482.

2.   MASTER AND SERVANT.—*Injuries to Servant.—Complaint.—Aver-
ment of Negligence.—Proof.*—In a servant's action for personal
injuries sustained in operating a machine, the facts constituting
the negligence could be shown in evidence under the general
averment that defendant was negligent in maintaining the ma-
chine in a defective condition, and that plaintiff was without
fault, in the absence of anything in the facts pleaded contradict-
ing such general charge.   p. 484.

3. MASTER AND SERVANT.— *Injuries to Servant.— Complaint.— Motion to Make More Specific.*—While defendant in a personal injury action is entitled to have the complaint state the particular acts or omissions relied on as constituting negligence, the failure of a complaint to be specific in this respect can be reached only by a motion to make the complaint more specific, and in the absence of such a motion, the objection is deemed waived. p. 484.

4. MASTER AND SERVANT.—*Injuries to Servant.—Knowledge of Defect.—Burden of Proof.*—Under the averments of a complaint for injuries to a servant caused by defective machinery, that the defendant knew or in the exercise of proper care could have known of the defect, plaintiff had the burden of proving that defendant had such knowledge, or the opportunity of acquiring such knowledge, long enough before the accident to have repaired the defect or to have warned the plaintiff. p. 484.

5. MASTER AND SERVANT.—*Injuries to Servant.—Answers to Interrogatories.*—Answers to interrogatories showing that the machine on which plaintiff was injured was defective, that defendant's foreman knew that it was defective, and that there was no evidence to show how long it had been in such condition or how long such foreman had known of such condition, amounted to a finding against plaintiff on an element as to which she had the burden, and were fatal to her case, since to be held negligent the master must have had either actual or constructive knowledge long enough to have remedied the defect or to have warned the servant. p. 485.

6. APPEAL.—*Review.—Disposition of Cause.*—Although the court on appeal is authorized by the special findings of the jury to direct a judgment for the appellant, it will reverse the judgment and direct a new trial if the ends of justice will be best subserved thereby. p. 485.

From Superior Court of Marion County (84, 162); *Vinson Carter,* Judge.

Action by Opal Lindley against the Sanitary Can Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*John B. Elam, James W. Fesler* and *Harvey J. Elam,* for appellant.

*Daniel J. Brown, Earl J. Askren,* for appellee.

IBACH, P. J.—This is an action to recover damages for personal injuries alleged to have been received on account

Vol. 56—31

of appellant's negligence. The complaint is long, and for the purpose of considering its sufficiency after judgment it is sufficient to say that appellee bases her right to recover on the ground that on November 3, 1910, she was in the employ of the appellant in its factory and was engaged to work and at the time she received her injury was working on an automatic punch press which was operated by electric power, which press had become out of order so that on some occasions it could not be started in the usual and proper manner by applying the pedal, that appellant instructed appellee, under such circumstances to use an iron rod to raise the crank shaft to center, and when so raised to start the machine with the pedal; that on the day she was injured the press failed to start by moving the pedal, and following the instructions given she attempted to place the crank shaft on center by using the iron rod and while so doing the press suddenly started to operate and threw the rod against her hand and fractured her wrist, all because of the negligence of the appellant in maintaining the aforesaid defective machine, and not because of any fault or carelessness on her part. There was an answer in general denial, trial by jury, with a general verdict for appellee, and answers to interrogatories. Over appellant's motion for judgment in its favor on the answers to the interrogatories, notwithstanding the general verdict, judgment was given appellee. Numerous errors are assigned.

Appellant first urges that judgment should have been granted it on the answers to the interrogatories, for the reason that the complaint, if good at all, is based on the

1.   theory that the defect in the brake which caused the accident, the defect on which plaintiff relied, was a defect on account of which the machine failed to stop on center, that the theory was that the brake should have stopped the machine at a certain point, and that the brake was out of order and failed to properly perform its functions, that the answers to the interrogatories show that the appellee was fully

informed as to the existence of the defect, and under these facts she voluntarily assumed the risks of the situation and can not recover. We do not believe that this is the correct construction of the complaint. There are answers to interrogatories from which it may be said that appellee knew of the defective condition of the brake, but the defective condition of the brake in not stopping the machine on center does not appear to have been the cause of the automatic starting of the machine when the iron rod was applied for the purpose of lifting the shaft to center. It is specifically averred in the complaint "that at the time of the injury hereinafter described and many times prior thereto said press would suddenly and without warning and without any fault of the operator start while the operator was turning by means of the aforesaid iron rod said crank shaft to center, thereby causing said iron rod to be violently thrust around toward the operator and often causing said iron rod to be thrown with great force upon and near the operator. That said press thus constituted a defective and dangerous piece of machinery and that the same had been so defective and dangerous for many months prior to the injury hereinafter described and that the defendant knew or by the use of ordinary diligence could and should have known that it was so dangerous and defective, but which defective and dangerous condition was wholly unknown to the plaintiff." That is, even though she might have known of the defective condition of the brake, which would at times prevent the machine from stopping on center, yet she did not know of the danger of the machine starting suddenly, when one was attempting to raise the crank shaft to a starting position with the iron rod and while the power was off.

The language of the complaint plainly charges the appellant with negligence in maintaining in its factory after it had knowledge of the facts, a machine which would automatically and without warning and without the fault of the operator begin its revolutions while such operator was turn-

ing the crank shaft to center by using the bar of iron provided for that purpose, and that the dangers in such operation of starting the press as directed were wholly unknown to appellee. The reference in the complaint to the machine failing to stop on center is made solely for the purpose of explaining the necessity of using the iron rod provided by appellant and not for the purpose of basing the right of action on such defect. True, the complaint does not aver the specific cause of the sudden starting of the machine, or that the cause for so doing was unknown to appellee, but there is the general allegation of negligence in maintaining the defective machine, and that appellee was without fault, and since nothing to contradict such general charge appears from the facts pleaded, the facts constituting the negligence may be shown in evidence under such general charge. *Louisville, etc., R. Co.* v. *Bates* (1897), 146 Ind. 564, 566, 45 N. E. 108, and cases cited. And while the courts have held uniformly that a defendant in an action such as this is entitled to have the complaint state the particular acts or omissions which are relied upon by the plaintiff as showing negligence on its part, yet a motion to make more specific is necessary to obtain such relief, and in the absence of such a motion the defendant must be held to have waived it. *Indianapolis St. R. Co.* v. *Ray* (1906), 167 Ind. 236, 78 N. E. 978, and cases cited. The complaint states facts sufficient to constitute a cause of action, but it does not appear to have been sustained by the evidence and the findings of the jury. The burden was upon the appellee to show not only that the appellant knew of the defects which caused her injury, but that it had such knowledge, or in the exercise of due care should have had such knowledge, long enough before the accident to have repaired the defect, or to have warned the appellee. *Chicago, etc., R. Co.* v. *Wilfong* (1910), 173 Ind. 208, 90 N. E. 307; *Malott* v. *Sample*

(1905), 164 Ind. 645, 74 N. E. 245; *Arcade File Works* v. *Juteau* (1896), 15 Ind. App. 460, 40 N. E. 818, 44 N. E. 326.

The jury in answer to interrogatories found that the machine was out of order in such a, way as to cause appellee's accident, by reason of a defective clutch pin or gauled shaft, that there was no evidence as to how long it had been out of order, that the foreman of defendant's machine shop, a representative of appellant, knew it was out of order, but that there was no evidence as to how long he knew of it before appellee's accident. These answers are a finding against appellee upon one of the vital elements of her cause, upon which she had the burden of proof, and are fatal to her case. *Cleveland, etc., R. Co.* v. *Hayes* (1906), 167 Ind. 454, 79 N. E. 448. Appellee relies upon certain cases which hold that the mere unexplained automatic starting of a machine when it should remain at rest is of itself evidence from which the jury may infer negligence of the master. *Byrne* v. *Boston Woven Hose Co.* (1906), 191 Mass. 40; *Ryan* v. *Fall River Iron Works Co.* (1908), 200 Mass. 188; *Chinccariello* v. *Campbell* (1912), 210 Mass. 532. Our courts have not yet made any announcements in conformity with the holdings in these cases, but there is no conflict between the doctrine there announced and our holding. The master, in a case like this, must have had actual or constructive knowledge of the defect in time to have repaired it or warned the servant, before he can be held negligent. When the Massachusetts court held that negligence might be inferred from the mere unexplained starting of a machine, it in effect held that knowledge of the defect for a period of time sufficient to repair or warn might be inferred from such evidence. In this case the jury has specifically found that there was no evidence as to how long the defect had existed, or how long the master knew of it. We would be authorized to direct a judgment for appellant on the answers

to interrogatories, but we believe that the ends of justice would be better subserved by a new trial, therefore the judgment is reversed and the cause remanded for new trial.

NOTE.—Reported in 105 N. E. 585. As to master's knowledge of defect, and necessity for notice, see 98 Am. St. 303. For authorities on servant's assumption of risk of defective tool, machine, or appliance, where the defect is obvious, but its importance not appreciated, see 13 L. R. A. (N. S.) 692. As to servant's assumption of risk of danger imperfectly appreciated, see 4 L. R. A. (N. S.) 990. See, also, under (1) 26 Cyc. 1384; (2) 26 Cyc. 1405; (3) 31 Cyc. 644; (4) 26 Cyc. 1415; (5) 26 Cyc. 1515; 38 Cyc. 1930; (6) 3 Cyc. 454.