The Chicago, St. Louis and Pittsburgh Railroad Co. v. Kennington.

Filed April 24, 1890.

———————◆———————

No. 14,033.

THE CHICAGO, ST. LOUIS AND PITTSBURGH RAILROAD COMPANY *v.* KENNINGTON.

VERDICT.—*General.*—*Answers to Interrogatories.*—*New Trial.*—*Motion for.*—*Evidence.*—If a general verdict is supported by the evidence a motion for a new trial will be overruled which assigns as a reason that it is not so supported, without regard to the manner in which interrogatories may be answered.

From the Marion Superior Court.

*A. W. Hendricks, O. B. Hord, A. Baker* and *E. Daniels,* for appellant.

*W. W. Herod* and *W. P. Herod,* for appellee.

MITCHELL, C. J.—The complaint in this case is by Kennington against the appellant railway company, and is in the ordinary form of a common count for work and labor done by the plaintiff at the special instance and request of the defendant, with an exhibited bill of particulars.

There was a general verdict for the plaintiff below, with answers to interrogatories. It is insisted that the evidence does not sustain the verdict of the jury, and it is also contended that the answers of the jury to the interrogatories propounded cover all the issues in the case, and therefore amount to a special verdict, and that these answers show such inconsistencies as to demonstrate that the general verdict is not sustained by the evidence.

No useful purpose would be subserved by an attempt to state the nature of the proof, or by setting out the interrogatories and answers thereto. It is not claimed that the answers to interrogatories are inconsistent with the general verdict; the insistence is that they are so irreconcilably repugnant to each other as that the general verdict should have been set aside and a new trial ordered, on the ground that the evidence was manifestly insufficient.

The rule upon which this court proceeds is, that if the general verdict is supported by the evidence a motion for a new trial will be overruled, which assigns as a reason that it is not so supported, without regard to the manner in which interrogatories may be answered. *Staser* v. *Hogan*, 120 Ind. 207. If it were found that answers to interrogatories were inconsistent with each other, and were not supported by the evidence, the fact might be influential in inducing the court to grant a new trial in order to prevent a failure of justice.

It is possible that a case might arise in which there would be such a manifest repugnancy between answers to interrogatories as to indicate a disposition on the part of the jury to distort the evidence in order to make a case favorable to one party or the other. Where answers to interrogatories, fairly put, make such a purpose clearly apparent, there are authorities of great weight which hold it to be the duty of the court to set the verdict aside and award a new trial. *Burns* v. *North Chicago Rolling Mill Co.*, 60 Wis. 541; *Mitchell* v. *Brown*, 88 N. C. 156; *Sloss* v. *Allman*, 64 Cal. 47. We should unhesitatingly adopt this view in a proper case.

A careful consideration of the several answers to interrogatories does not, however, enable us to discover any such purpose on the part of the jury in the present case, and it is not pointed out to us wherein the general verdict is not supported by any evidence.

The judgment is therefore affirmed, with costs.

Filed April 24, 1890.