No. 1,516.

## THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. IVES.

NEW TRIAL.—*Answer to Interrogatory to Jury not Sustained by the Evidence.*—It is not, ordinarily, sufficient to authorize a new trial to show that an answer to an interrogatory consistent with the general verdict is not sustained by the evidence.

VERDICT.—*Contrary to Instructions.*—*Contrary to Law.*—The fact that the verdict is contrary to the instructions of the court does not necessarily render it contrary to law.

RAILROAD.—*Duty to Keep Premises Safe.*—*Delivering and Receiving Freight.*—A railroad company, which is a common carrier of goods, and by its conduct invites or induces the public to use its premises, such as depots and other places set apart for receiving and discharging freight, is under special obligation to keep such premises safe for such use for all persons coming upon the premises to transact business with such company, and among those who are entitled to this protection are such persons as came there for the purpose of delivering or receiving freight, who are entitled to protection from approaching trains.

From the Grant Circuit Court.

*N. O. Ross, G. W. Harvey* and *A. De Wolf,* for appellant.

*W. D. Lett,* for appellee.

GAVIN, J.—The appellee was a drayman, who, by appellant's direction, drove his dray alongside a car on a side track, for the purpose of hauling away freight from the car. While he was in the car assisting the railroad agent to get out the freight, the appellant, it is averred, carelessly and negligently rapidly backed a train of cars over its track, and without giving the usual or any signal or warning, and without any fault or negligence upon appellee's part, carelessly and negligently caused the same to run over his dray.

In order to control the general verdict, answers to interrogatories must be irreconcilable with it. *Grand Rapids, etc., R. R. Co.* v. *Cox,* 8 Ind. App. 29.

If the answers may be true, and still the party entitled to recover upon any state of facts provable under the issues, the general verdict must stand.

There was here a general verdict for appellee.

The appellant was not necessarily free from negligence because it rang the bell upon its train continuously and gave three whistles before starting to back. How far distant the engine was when these signals were given does not appear, nor how long the train was. The train may have been so long and the circumstances such as that the ringing of the bell on the engine could not possibly be heard at the farther end of the train.

Neither was the appellee necessarily guilty of contributory negligence because he left his horse and dray between the tracks without a keeper or any one to watch them or to look out for danger, and went into the car without giving any attention to what was going on outside.

This may have been true, and yet he may have been in the car and away from his horse but a moment, or, so far as that goes, but a half a moment, and upon the express assurance of the agent that no train was due or would come along. The train may have been standing on the track not far distant, and he may have been assured that it would not move while he was in the car. Other circumstances might be suggested provable under the issues which would relieve him from any imputation of negligence necessarily arising from the facts found by the jury.

There is no such inconsistency between the general and special verdict as would cause the latter to control the former.

The jury answered that the appellee did not know that the place where the dray was left was dangerous. It is insisted that this answer was not supported by the evi-

dence and that consequently the motion for new trial should have been sustained.

Granting the premise, the conclusion by no means follows. The answer was not essential to appellee's right to recover.

Moreover it is not, ordinarily, sufficient, to authorize a new trial, to show that an answer to an interrogatory consistent with the general verdict is unsustained by the evidence. *Chicago, etc., R. R. Co.* v. *Kennington*, 123 Ind. 409; *Burkhart* v. *Gladish*, 123 Ind. 337; *Staser* v. *Hogan*, 120 Ind. 207.

It is asserted that a verdict contrary to the instructions of the court is contrary to law. No authority is cited to sustain this position. We do not so understand the rule. The instructions themselves may be wrong. If the jury, nevertheless, decide the case right, according to the principles of law applicable to the facts, the verdict can not be said to be contrary to the law. *Robinson Machine Works* v. *Chandler*, 56 Ind. 575.

It is argued that appellant owed to appellee no duty to exercise care for his protection; that he was a mere licensee, and assumed all the risk of the hazards of the dangerous place in which he left his horse and dray. We do not so regard it. The facts of this case, viewed as they must be, in the light most favorable to appellee, bring it within the law as stated by Reinhard, J., in *Toledo, etc., R. R. Co.* v. *Hauck*, 8 Ind. App. 367: "A railroad company, which is a common carrier of goods, and by its conduct invites or induces the public to use its premises, such as depots and other places set apart for receiving and discharging freight, is under special obligation to keep such premises safe for such use for all persons coming upon the premises to transact business with such company, and among those who are entitled

to this protection are such persons as come there for the purpose of delivering or receiving freight.''

"This duty includes the further one of furnishing to persons lawfully upon the railroad track of such company, engaged in loading or unloading freight, protection from injury by approaching trains or locomotives. In such cases, a person having business with the company of the character indicated, has a right to occupy a position designated by the agent of the company, even if such position be hazardous, and to rely upon the diligence of the company to protect him from danger.''

There was no error in the instructions, or otherwise, for which the cause should be reversed.

Judgment affirmed.

Ross, J., did not participate.

Filed May 28, 1895.