WHEELER *v.* NEWKIRK.

[No. 11061.   Filed January 6, 1922.]

1.  APPEAL.—*Presenting Questions for Review.—Motion for New
Trial.—Grounds.—Insufficiency of Evidence to Support An-
swers to Interrogatories.*—On appeal from a judgment for
plaintiff in an action for personal injuries, an assignment as
cause for new trial that certain answers to interrogatories are
not supported by sufficient evidence and are contrary to law,
*held* not proper; the error, if any, being properly presented
by assignments in the motion that the verdict is not sustained
by sufficient evidence and that it is contrary to law. p. 294.

2.  APPEAL.—*Review.—Admission of Evidence.—Failure to Ob-
ject.—Motion to Strike Out.*—In an action against an auto-

mobile owner and his driver for personal injuries, in which the former contended that the relation of master and servant between himself and the driver did not exist at the time plaintiff was injured, the owner could not complain on appeal that a witness was permitted to testify that the driver told him that he was on a mission for the owner at the time of the accident, where defendant owner failed to object at the time, and made no motion to strike out the answer, nor ask an instruction that such testimony be limited as to the driver's liability, and the verdict against the owner will be sustained even though based on such evidence.   p. 295.

3.   APPEAL.—*Review.*—*Harmless Error.*—*Admission of Evidence.* —*Proof by Competent Evidence.*—In an action against an automobile owner and his driver for personal injuries, in which the former claimed that the driver was not performing a service for him at the time of plaintiff's injury, error, if any, in permitting a witness to testify that the driver told him that he was on a mission for the owner at the time of the accident, was harmless, where the driver gave evidence justifying the inference that he was acting for the owner in driving the automobile.   p. 295.

4.   APPEAL.—*Review.*—*Harmless Error.*—*Instructions.*—*Cure by Answers to Interrogatories.*—In an action against an automobile owner and his driver for personal injuries, error, if any, in giving an instruction permitting a recovery without requiring a finding that the driver was performing some duty for the owner at the time plaintiff was injured, was harmless where, in answer to interrogatories, the jury found that at the time of the accident the driver was in the employ of the owner and was on a mission for him.   p. 295.

From Orange Circuit Court; *James L. Tucker,* Judge.

Action by Cornelius Newkirk against Mark Wheeler and another.   From a judgment for plaintiff, the defendant named appeals.   *Affirmed.*

*Bayless Harvey* and *H. A. Carnes,* for appellant.
*W. E. Cox,* for appellee.

NICHOLS, J.—Action by appellee against appellant and one Beaty to recover damages for personal injuries caused by appellee being struck by an automobile driven by said Beaty.

Appellee alleges that he sustained his injuries by

being struck by an automobile negligently and carelessly driven by said Beaty and without any fault on appellee's part, and that at the time of said injury, the said Beaty was in the employ of appellant and was driving said automobile in line of his duty to said appellant under such employment.

There was an answer in general denial, and a trial by jury, resulting in a verdict for appellee in the sum of $600 for his damages against both appellant and said Beaty.

Appellant filed his separate motion for a new trial which was overruled, and thereupon the court rendered judgment upon the verdict against appellant and said Beaty for $600, from which judgment this appeal, appellant assigning as error the action of the court in overruling appellant's motion for a new trial.

Appellant assigns as a reason in his motion for a new trial that each of certain answers to interrogatories is not supported by sufficient evidence and is contrary to law; but under the circumstances of this case this is not a proper assignment. The error, if any, is properly presented by the respective assignments in the motion that the verdict is not sustained by sufficient evidence, and that it is contrary to law. *Burkhart* v. *Gladish* (1890), 123 Ind. 337, 24 N. E. 118; *Chicago, etc., R. Co.* v. *Kennington* (1890), 123 Ind. 409, 24 N. E. 137; *Pittsburgh, etc., R. Co.* v. *Ives* (1895), 12 Ind. App. 602, 40 N. E. 923; *Abelman* v. *Haehnel* (1914), 57 Ind. App. 15, 103 N. E. 869.

Appellant contends that the evidence is insufficient to show that the relation of master and servant existed between appellant and Beaty at the time appellee was injured by the car driven by Beaty, and that Beaty, was at the time performing service for appellant. We hold, however, that the abstract of the evidence as it is set out in appellant's brief, and supplemented in appellee's

brief, is sufficient to justify an inference by the jury that Beaty was the servant of appellant at the time of the accident, and that he was then in the course of his employment, going after chickens which appellant had purchased.

Appellant complains that witness Norris was permitted to testify that Beaty told him that he was going after chickens for appellant. But appellant failed to object to the question at the time, and made no motion to strike out the answer, nor did he ask an instruction that such testimony be limited to Beaty's liability. Under such circumstances, even if the verdict against appellant were founded on this evidence it would be sustained. *Graves* v. *State* (1889), 121 Ind. 357, 23 N. E. 155. But Beaty gave evidence before the jury that fully justified the jury in inferring that he was acting for appellant, so that evidence of his statements to Morris was harmless, even if erroneous.

Appellant's peremptory instruction to return a verdict in his favor was properly refused.

Appellant next complains of error in giving to the jury appellee's instruction No. 2, for the reason that it authorizes a recovery if the jury find, with other necessary elements, that Beaty was in the employ of appellant at the time of the accident, omitting from the instruction the element that Beaty must at the time of the accident have been performing some duty for the use and benefit of appellant, in the line of some duty he owed appellant, under such employment. But even if such instruction was erroneous because of the alleged defect, the jury's answers to interrogatories to the effect that at the time of the accident Beaty was in the employ of appellant going after chickens for him makes the alleged error harmless. We find no reversible error. The judgment is affirmed.