McCoy et al., etc. *v.* Farm Bureau Mutual
Insurance Company of Indiana, Inc.

[No. 18,376. Filed April 21, 1953.]

Earl E. Hite, Ronald Beard and Frank I. Hamilton, all of Greensburg, for appellants.

Hugh D. Wickens and Hubert E. Wickens, both of Greensburg, for appellees.

ACHOR, J.—This is an appeal from a judgment, adverse to the appellants, who were the plaintiffs in the court below. In the action, appellants sought to recover on an automobile accident insurance policy issued by appellee to decedent. The policy, among other things, provided for payment of $500.00 in event of bodily injury caused by accident while the insured was in the described automobile and "in the event of death resulting from such injury."

Special findings of fact and conclusions of law were requested and made by the court. Among errors assigned in appellants' motion for a new trial, and made the grounds of this appeal, are "(2) that the decision is contrary to law" and "(4) that the special findings of fact and each of them separately and severally are not sustained by sufficient evidence." As the record appears before us, two basic questions are presented for decision, the first being whether or not the special findings of fact are sustained by the evidence, and second, whether the conclusions of law are supported by the findings of fact.

There is serious doubt as to whether or not the appellants' brief contained all the evidence material to the case. Inasmuch as appellants challenge the sufficiency of the evidence to sustain the findings of fact, failure to include such material evidence would waive any issue as to the sufficiency of the evidence in this appeal. Rule 2-17(d) of the Supreme and Appellate Courts of Indiana, Flanagan, Wiltrout &

Hamilton's Indiana Trial and Appellate Practice, Ch. 53, §2677, *Comment 8,* page 307. However, inasmuch as there is some ambiguity in the record as to the admission of omitted evidence, we choose to decide the case upon other grounds.

The court, in the finding of fact numbered 11, found as follows: "That the accidental injuries shown by the evidence were not of such a nature as to cause death." It is appellants' contention that the weight of the evidence and every reasonable inference which may be drawn therefrom are clearly against said finding. We, therefore, examine the evidence to determine whether or not the evidence is such that reasonable men could come to the sole conclusion that (1) the injuries, as contended by appellants, were of such a nature as to cause death, and (2) that decedent died as the result of said injuries sustained in the accident.

The evidence, in substance, is that decedent, immediately prior to the accident, was driving at a speed of 30 to 50 miles an hour on a curved road when he sideswiped another car, after which his car traveled at a 45° angle a distance of 75 to 100 feet, going across and off the road, making skid marks on the pavement and grass, after which it hit a tree. That during said time, decedent was sitting behind the wheel in an apparently normal position. That as a result of the collision, the decedent sustained two minor scratches or cuts on his face. The steering wheel was bent down two or three inches and the front end of the car was damaged extensively, although the motor continued to run. Decedent was declared dead less than an hour after the collision. Appellants contend that, contrary to finding number 11, the evidence necessarily leads to the conclusion that the injuries were of "such a nature as to cause death" and that decedent died as a result of the accident.

However, other evidence before the court was that decedent was a man 80 years of age; that he had heart trouble; that immediately following the collision he was slumped over the steering wheel, that he was pronounced dead when he arrived at the hospital only a short time following the collision. Appellant testified that appellee had denied liability for the reason that "the doctor's certificate showed Mr. Hamilton died with heart trouble." There was no evidence of injuries other than the cuts or scratches on decedent's face. There was no medical testimony as to the time or cause of death. Furthermore, there was in the transcript (but not in appellants' brief) an exhibit No. 2, being a letter from appellee to appellants denying liability. That exhibit contained the following statement:

> "Please be advised that we have carefully investigated the circumstances surrounding Mr. Hamilton's death. This investigation included obtaining a copy of the death certificate and interviewing all of the medical authorities concerned. It is the unanimous opinion that Mr. Hamilton's death was caused by coronary thrombosis, and did not result from the minor injuries that he sustained in this accident. . . ."

Appellants contend that this exhibit was not properly admitted into evidence and should not have been transcribed as part of the evidence. However, appellants took no steps to "correct" the transcript and this court is firmly bound by the rule that, for the purpose of appeals, the transcript imports absolute verity. Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, Ch. 52, §2603, page 249. See cases cited.

From this evidence, the court was faced with an uncertainty as to whether or not the accident and death

may have been the result of a coronary thrombosis or whether death was the result of the accident. It is true that the court did not find that death did not result from the accident. However, this was not necessary. In order for appellants to recover, it would have been necessary for the court to find affirmatively that death resulted from the accident. Appellants had the burden of proof as to this issue. In this regard, the rule is well settled that, ". . . Where a fact necessary to sustain the issues is not found by the court, and the findings are silent as to this fact, it is regarded as not proved, and is in effect a negative finding against the party having the burden of proof. . . ." Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, Ch. 25, §1733, *Comment 8*, page 355.

Upon the above issue, the court found that "the cause of death of the said George C. Hamilton was not established by a fair preponderance of the evidence given," and concluded in its conclusions of law that "the defendant has not sustained the burden of showing that the proximate cause of the death of George C. Hamilton was the injuries, if any, received by him while operating his said automobile," and "that the law is with the defendant."

We cannot say that the evidence is such as would necessarily lead reasonable men to the single conclusion that "the accidental injuries as shown by the evidence were . . . of such a nature as to cause death," and, therefore, that the court's finding of fact numbered 11 was not sustained by sufficient evidence. Neither can we say, under the evidence before us, that failure of the court to find that the accidental injuries sustained by decedent were the·proximate cause.

of his death was error and, therefore, that the decision of the court was contrary to law.

Judgment is, therefore, affirmed.

NOTE.—Reported in 111 N. E. 2d 728.