Dailey v. Ehser

[No. 19,057. Filed April 27, 1961.]

*Murray, Mannon, Fairchild & Stewart, James J. Stewart* and *Basil L. Wimmer,* all of Indianapolis, for appellant.

Smith & Jones, Richard Smith, Harold W. Jones, James A. Colvin and John T. Hume III, all of Indianapolis, for appellee.

GONAS, J.—Appellant brought this action for damages for personal injuries sustained when she was struck by a motor vehicle operated by appellee. Trial by jury resulted in a verdict for appellee and the jury also returned answers to interrogatories submitted by appellee.

Appellant assigns as error, the overruling of her motion for a new trial and urges as causes thereof, that the verdict is contrary to law; the refusal to give her tendered Instruction No. 8; and the submission of certain of the interrogatories.

Appellant argues that the verdict of the jury is contrary to law because it denied her the relief to which she was entitled under the evidence.

Where the jury returns a verdict against a party who has the burden of proof,

". . . this court may only examine the evidence to determine whether it conclusively leads to but the single conclusion that the evidence entitled him to relief which was denied by the verdict. . . ." Heeter v. Fleming (1946), 116 Ind. App., 644, 67 NE 2d 317.

The testimony in the record before us is in severe conflict, and we are of the opinion that such testimony would not lead the minds of reasonable men to the single conclusion that this appellant was entitled to relief. Confusing and conflicting testimony warrants the wisdom of the rule of appellate practice that facts as found by the triers of fact will not be disturbed when the evidence is in conflict.

The record further reveals that at approximately 4:30 P.M., on November 24, 1954, appellant was walk-

ing across Central Avenue (near the Central Avenue, 12th Street intersection, in Indianapolis, Marion County, Indiana) from west to east. Central Avenue runs north and south and is intersected at approximately right angles, by East 12th Street, which runs east and west. Appellant testified that she was crossing the street within a cross-walk on the south side of the Central Avenue, 12th Street intersection when she was struck by the automobile. Appellee, who was operating his motor vehicle on Central Avenue from south to north, testified that he had passed the Central Avenue, 12th Street intersection before he first saw appellant. There is evidence that it was about dusk and raining lightly or misting. The record shows testimony from which the jury could have found that appellee's car was equipped with adequate brakes, that his windshield wipers were working and that his lights were on. It further appears that appellee was operating his car at a speed of fifteen to twenty (15 to 20) miles per hour, and that when appellee first saw appellant she was looking straight ahead and walking rapidly into the path of appellee's car. There is testimony that appellee applied his brakes and attempted to swerve his car when he saw appellant walking into the path of the car, in spite of this the car struck appellant. Appellee, so the record shows, then carried appellant to the sidewalk where she (appellant) told appellee that it was her fault and requested him not to call the police but to take her home.

Abstract statements of law, even though supported by authority present no question when it is not shown how they are applicable to the assigned errors. ■ Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice,* §2677, Comment 11 (Pocket Part), see cases cited.

Appellant does not argue that the evidence leads to a single conclusion that appellee was guilty of negligence which proximately caused appellant's injuries. Appellant argues that an exception exists to the rule that this court will not weigh the evidence, in that, "Where the evidence wholly fails to support *an issue* material to the verdict and substantial justice has not been done, a new trial should be ordered even though this may require the Appellate Court to weigh the evidence," and cites, *McCoy* v. *Bureau Insurance Co.* (1953), 123 Ind. App. 424, 111 N. E. 2d 728; *Quail* v. *Banta* (1943), 113 Ind. App. 664, 48 N. E. 2d 481; and *Emerson et al.* v. *Tooley* (1923), 81 Ind. App. 460, 141 N. E. 890, in support of this argument. We are not in accord with this argument. None of these cases recognize such an exception to the rule that this court will not weigh the evidence, instead they support the proposition that where a negative verdict is challenged as being contrary to law we examine the evidence to determine whether it leads to a single conclusion that appellant was denied the relief to which appellant was entitled. Further, no application is made of this part of appellant's argument to the facts in appellant's original brief as required by Rule 2-17.

Appellant further argues that the answers to the interrogatories demonstrate that the jury (1) completely disregarded uncontradicted evidence on certain material issues; (2) found that there was no evidence on other material issues concerning which there was an abundance of evidence; and (3) made findings in irreconciliable conflict with one another. Without citing authority directly to that effect, appellant takes the position that this makes the verdict contrary to law. There was no motion to require the jury to answer the interrogatories further, and no motion for judgment

on the interrogatories notwithstanding the verdict. As appellant admits, the answers to the interrogatories support the verdict.

Although there was no motion in this case to require the jury to answer the interrogatories further, it is held that even in the presence of such a motion it is not error to refuse to re-submit to the jury, interrogatories which are answered, "no evidence." An answer of "no evidence" amounts to a finding against the party having the burden of proving the facts inquired about. *Vanosdol, Receiver* v. *Henderson, Adm.* (1939), 216 Ind. 240, 22 N. E. 2d 812; *Indianapolis Abattoir Co.* v. *Temperly,* (1903), 159 Ind. 651, 64 N. E. 906; *Chicago etc. R. R. Co.* v. *Wilfong,* (1910), 173 Ind. 308, 90 N. E. 307; *Cleveland etc. R. R. Co.* v. *Hayes,* (1906), 167 Ind. 454, 79 N. E. 448; *Superior Meat Products* v. *Holloway* (1943), 113 Ind. App. 320, 48 N. E. 2d 83.

Some of the interrogatories were not as clearly worded as they might have been, but construing them as the jury could reasonably do, we find that the jury's answers are supported by the evidence and are not in conflict.

In *The Chicago, St. Louis and Pittsburgh Railroad Co.* v. *Kennington,* (1890), 123 Ind. 409, 24 N. E. 137, Judge Mitchell, speaking for the court, said:

". . . It is possible that a case might arise in which there would be such a manifest repugnancy between answers to interrogatories as to indicate a disposition on the part of the jury to distort the evidence in order to make a case favorable to one party or the other. Where answers to interrogatories, fairly put, make such a purpose clearly apparent, there are authorities of great weight which hold it to be the duty of the court to set the verdict aside and award a new trial.

We should unhesitatingly adopt this view in a proper case. . . ."

Certainly, there is nothing in this case to bring it within the circumstances mentioned by Judge Mitchell.

The subject matter of appellant's Instruction No. 8, which reads as follows:

"You are instructed that at the time and place of the accident in question there was in full force and effect a statute in the State of Indiana pro-viding in part as follows:

". . . every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon a roadway and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any con-fused or incapacitated person upon a highway."

was adequately covered by Instruction No. 9 given by the court, and which reads in part, as follows:

"The driver of a motor vehicle shall when reason-ably necessary to insure safe operation give audi-ble warning with his horn, but shall not otherwise use such horn when upon the highway.

"Therefore, if you should find and believe from a fair preponderance of the evidence in this case that the defendant failed to exercise due care to avoid colliding with the plaintiff and failed to give a warning by sounding his horn when reasonably necessary, then and under such circumstances the defendant would be chargeable with negli-gence. . . ."

therefore, there was no error by the court, in its refusal to give said tendered instruction No. 8. Flana-gan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice,* §1510 (5) Pg. 238; (see cases cited).

Appellant claims error in the giving of four interrogatories over her objections, but presents her argument as to only two, number 14, and number 27, the only objection made being that they called for conclusions of law or mixed conclusions of law and fact. There was a similar contention in *Garatoni* v. *Teegarden*, (1958), 129 Ind. App. 500, 154 N. E. 2d 379; (Transfer denied), in which this court said:

> "There was no motion for judgment on the interrogatories notwithstanding the verdicts and the answers were not in conflict with the verdicts. It seems clear that some or all of these interrogatories were improper as calling for conclusions of law and should not have been submitted. However, error was harmless as the court should disregard the answers in rendering judgment on the verdict. Vol. III, *Lowe's Revision of Works' Indiana Practice*, Sec. 56.15; *Hinds, Ex'tr* v. *McNair* (1956), 235 Ind. 34, 129 N. E. 2d 553; *Roller et al.* v. *Kling et al.* (1898), 150 Ind. 159, 49 N. E. 948; *Stull* v. *Davidson, supra*."

In *Fort Wayne and N. I. Traction Co.* v. *Kumb* (1914), 64 Ind. App. 529, 116 N. E. 304, the court stated that interrogatories might be so framed and worded as to be so suggestive and prejudicial that their submission might, of itself, tend to improperly influence the verdict and constitute reversible error. The objections to the interrogatories here are not of such a nature.

No error prejudicial to appellant having been found, judgment is affirmed.

Pfaff, P. J., concurs in result.

Kelley and Bierly, JJ., concur.

NOTE.—Reported in 174 N. E. 2d 341.